**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4301**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ARTAVIOUS QUONTA BODDIE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:13-cr-00278-BO-1)

Submitted: November 18, 2014     Decided: December 4, 2014

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Artavious Quonta Boddie pled guilty in accordance with a written plea agreement to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(b) (2012), and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A) (2012). Boddie was sentenced to 151 months in prison for the conspiracy and eighty-four months, consecutive, for the firearm offense. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Boddie was advised of his right to file a pro se supplemental brief but did not file such a brief. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement. Boddie opposes the motion. We affirm in part and dismiss in part.

The appeal waiver did not apply to Boddie's convictions. Having reviewed the entire record, we hold that: the district court substantially complied with Fed. R. Crim. P. 11; there was a factual basis for the plea; the plea was knowingly and voluntarily entered; and the plea agreement is binding and enforceable. Accordingly, we affirm the convictions.

2

In the plea agreement, Boddie waived his right to appeal his sentence.[*] Upon review of the record, we conclude that the waiver is valid and enforceable. We further find that the issue Boddie seeks to raise on appeal — whether the sentence is reasonable — falls within the scope of the waiver. Accordingly, we grant the motion to dismiss the appeal insofar as the motion relates to sentencing.

Pursuant to Anders, we have reviewed the entire record for meritorious, nonwaivable issues and have found none. We therefore affirm in part and dismiss in part. This court requires that counsel inform Boddie, in writing, of his right to petition the Supreme Court of the United State for further review. If Boddie requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Boddie. We dispense with oral argument because the facts and legal contentions are

---

[*] Boddie waived his right "to appeal whatever sentence is imposed on any ground, . . . reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, . . . excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct. . . ." Boddie was sentenced within his Guideline range.

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
